**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HANNA KARCHO-POLSELLI,

    Plaintiff,

v.                                                                 Case No. 08-13218

UNITED STATES OF AMERICA, ET AL.,

    Defendants.
                                                           /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Pending before the court is "Plaintiff's Motion for Summary Judgment," filed on July 14, 2009.[1] The motion has been fully briefed, and the court has concluded that no hearing on the motion is necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons set forth below, the court will deny the motion.

**I. BACKGROUND**

This case arises out of the Internal Revenue Service's ("IRS's") collection activities regarding taxpayer Remo Polselli ("Polselli"). To secure the tax debts owed by Polselli, the IRS filed a tax-lien notice against Plaintiff as Polselli's alter ego, nominee, or transferee. Plaintiff asserts that the tax-lien notice encompasses all of her property, and supports this assertion with copies of the notice. (Compl. Ex. A.) Defendants submit no

---

[1] The court notes that in its response brief, Defendant asks for a dismissal of Plaintiff's claim. Insofar as Defendant is moving for a dismissal of the complaint, such a motion is not appropriately raised in a responsive pleading. The local rules and the court's practice guidelines require that motions and responses be accompanied by a separate brief. E.D. Mich. LR 7.1(b); Practice Guidelines for Judge Robert H. Cleland, http://www.mied.uscourts.gov/Judges/guidelines/index.cfm?judgeID=12. Under no circumstances may a motion be included within or tacked onto a response or a reply. *See* E.D. Mich. LR 7.1(b).

evidence suggesting this is not the case. The court therefore accepts Plaintiff's undisputed contention that Defendants filed a tax-lien notice covering all of Plaintiff's property.

The motion is before the court with virtually no factual support. Instead, Plaintiff's argument presents primarily a legal question: whether the IRS can file a blanket tax lien against a third party as the alter ego, nominee, or transferee of a delinquent tax payer. The court will find that the IRS may do so in certain factual situations. Since the record before the court is devoid of evidence, it cannot rule out the possibility that this case falls into one of those factual situations.

## II.  STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*,

342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment—the disputed factual issue must be material. *See Anderson*, 477 U.S. at 252 (citation omitted) ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict—'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'"). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

### III.  DISCUSSION

Title 26 U.S.C. § 6321 provides for tax liens:

> [i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Further, § 6321 liens "shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6321.  A tax lien arises only on that property in which the delinquent taxpayer has a property interest under state law.  *See United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 722 (1985). In other words, state law determines whether a property interest exists, and, then, federal law dictates the tax consequences.  *Spotts v. United States*, 429 F.3d 248, 250-51 (6th Cir. 2005); *See also Drye v. United States*, 528 U.S. 49, 58 (1999) ("[One] look[s] to state law to determine what rights the taxpayer has in the property the Government seeks to reach, then to federal law to determine whether the taxpayer's state-delineated rights qualify as property or rights to property within the compass of federal tax lien legislation.").

Section 6321 tax liens cover not only the property owned by the delinquent taxpayer, but also third-party property if the third party holds the property as the delinquent taxpayer's nominee, alter ego, or transferee. *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350-51 (1977).  Accordingly, a tax lien arises on third-party property if state law would consider it the delinquent taxpayer's property based on a nominee, alter ego, or transferee theory.  *See G.M. Leasing Corp.*, 429 U.S. at 350-51; *Spotts*, 429 F.3d at 251.  "Thus, before determining what, if any, federal tax consequences attach, we must first address the pertinent questions of state property law," i.e., whether, according to state law, Polselli has a property interest in property nominally held by Plaintiff.  *See G.M. Leasing Corp.*, 429 F.3d at 251.

4

Therefore, assuming that the tax lien here is a blanket one, it is valid only if all of Plaintiff's property is held by Plaintiff as Polselli's alter ego, nominee, or transferee. Admittedly, this proposition seems extreme because the third party here is an individual rather than, say, an alter-ego corporation. Nevertheless, the determination of whether Polselli has a state-recognized property interest (under whatever theory Defendants choose to cite—nominee, transferee, alter ego, etc.) is completely fact dependent. *See, e.g.*, Michael I. Saltzman & Leslie Book, *IRS Practice and Procedure*, ¶ 14.07(1)(c) (2d ed. 1991). With a record nearly devoid of facts, the court simply cannot make a determination on a motion for summary judgment.

>This is Plaintiff's motion for summary judgment, and
>
>[a] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Taft Broad. Co. v. United States*, 929 F.2d 240, 247 (6th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)); *see also Mt. Lebanon Pers. Care Home, Inc. v. Hoover Universal Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). Only once this initial burden is met by the moving party, does the burden shift to the nonmoving party to produce proper admissible evidence to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Moreover,

>[i]n a wrongful levy action, the plaintiff must initially show that it has a legally cognizable interest in the property levied by the United States, and that the government levied on the property to collect someone else's taxes. If the plaintiff makes that initial showing, the burden shifts to the government to establish, by substantial evidence, a "nexus" or

5

"connection" between the taxpayer and the property levied upon. The ultimate burden of proof remains on the plaintiff.[2]

*PBV, Inc. v. Rossotti*, No. 98-3504, 1999 WL 220123, *1 (6th Cir. Apr. 6, 1999). Here, Plaintiff has not met her initial burden of identifying the absence of an issue of fact—that is, Plaintiff has pointed to no evidence suggesting that *at least some of her property* is held by her as the real party of interest rather than as Polselli's nominee, alter ego, or transferee. Based on the record before the court, the court is unable to rule definitively on these issues until further factual development.

### IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendants' "Motion for Summary Judgment" [Dkt. # 8] is DENIED.

s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2009, by electronic and/or ordinary mail.

s/Lisa G. Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

---

[2] Although *Rossotti* involved a wrongful levy action, the same burden-shifting analysis would apply to this quiet title action, because the issue in a wrongful levy action is whether the property was subject to a valid lien under § 6321. *See* 26 U.S.C. § 6331(a) (IRS may "levy upon all property . . . on which there is a lien provided in this chapter.").